UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MIKE PETINSKY, Individually, :
:
        Plaintiff, :
v. :
: Case No.
PUSPA MONI, INC., a Florida for-profit :
Corporation, d/b/a KWIK STOP FOOD STORE,:
and SUBARNA, INC., a Florida for-profit :
Corporation, :
:
        Defendants. :
_____ / :
:
:

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, MIKE PETINSKY, Individually, on his behalf and on behalf of all other individuals similarly situated, (the "Plaintiff"), hereby sue the Defendants, PUSPA MONI, INC., a Florida for-profit Corporation, d/b/a KWIK STOP FOOD STORE, and SUBARNA, INC., a Florida for-profit Corporation (sometimes referred to as "Defendant" or "Defendants") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*. ("ADA") and Florida Accessibility Code ("FAC").

1.     Plaintiff, MIKE PETINSKY is a resident of Broward County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life activity of walking.  Instead, Plaintiff is bound to ambulate in a wheelchair and/or scooter.  Plaintiff also has difficulty operating mechanisms or controls that require grasping, twisting of the wrist, or pinching.  Plaintiff has visited the property which forms the basis of this lawsuit and

plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered their safety.

2. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to and is located at 13655 W. Dixie Highway, North Miami, Florida 33161 in the County of Dade.

3. Venue is properly located in the Southern District because venue lies in the judicial district of the property *situs*. The Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. 1343, this Court has been given original jurisdiction over actions which arise from the Defendants violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* See also 28 U.S.C. §2201 and §2202.

5. Defendant, PUSPA MONI, INC., a Florida for-profit Corporation, d/b/a KWIK STOP FOOD STORE, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR §§36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases or leases to is located at 13655 W. Dixie Highway, North Miami, Florida 33161 in the County of Dade, and known within the community as KWIK STOP FOOD STORE.

6. Defendant, SUBARNA, INC., a Florida for-profit Corporation owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations

implementing the ADA, 28 CFR §§36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases or leases to is located at 13655 W. Dixie Highway, North Miami, Florida 33161 in the County of Dade and known within the community as KWIK STOP FOOD STORE.

7. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. Furthermore, To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

8. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

9. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 *et seq.*

10. Also, Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

11. Specifically, a preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

   a. The accessible signage contains improper verbiage and is located very low on the inside window of the store;

   b. There is no visible access aisle at the accessible parking space;

   c. The accessible parking space lacks proper striping for an access aisle;

   d. The curb ramp is inside the line of the accessible parking space. It is too steep and lacks protective edges;

   RESTROOM:

   e. There is no accessible stall;

   f. There is insufficient maneuvering and transfer clearance;

   g. There is no side grab bar;

   h. There is no rear grab bar;

   i. The pipes under the sink are not properly insulated;

   j. The hardware on the entrance door and the sink require twisting and/or grasping of the wrist to operate; and

   k. There is insufficient knee clearance under the sink.

12. Further, the discriminatory violations described in paragraph 11 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Plaintiff has visited the property which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant.  The Plaintiff has encountered barriers at the subject property which discriminates against him on the basis of his disability.

14. In the alternative, Plaintiff is as an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining that places of public accommodation are in compliance with the ADA.

15. The violations present at Defendants' facility, create a hazard to Plaintiff's safety.

16.     Plaintiff is continuously aware of the violations at Defendants' facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless he is willing to suffer additional discrimination.

17.     The violations present at Defendants' facility infringe Plaintiff's right to travel free of discrimination.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' facility.  By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.  By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.  By maintaining a public accommodation with violations, Defendants deprive Plaintiff the equality of opportunity offered to the general public.

18.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA.

19.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint.  Plaintiff has reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Plaintiff desires to visit not only to avail himself of the goods and

services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

20. Moreover, Defendants continue to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR §36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR §36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR §36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §12205 and 28 CFR §36.505.

23.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

24.     Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to require the Defendants to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants' cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

  c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

  d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 10, 2014

          Respectfully submitted,

          By: /s/ Jason F. Valentin, Esq.
          Jason F. Valentin, Esq., Of-Counsel
          Fla. Bar No.: 97356
          Thomas B. Bacon, P.A.
          1888 N.W. 7th Street
          Miami, Florida 33125
          Tel: (786) 652-9708
          Fax: (305) 643-3334
          E-mail: valentin.lawoffices@gmail.com

          ***Counsel for Plaintiff***
          Thomas B. Bacon, Esq.
          Fla. Bar No.: 139262
          Thomas B. Bacon, P.A
          4868 S.W. 103rd Ave.
          Cooper City, Florida, 33328
          Tel: (954) 478-7811
          Fax: (954) 237-1990
          E-Mail: tbb@thomasbaconlaw.com